**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | | |
|---|---|---|
| **TAYLOR R. BASSI** | : | **Case Number** |
| **Plaintiff** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **TRANS UNION, LLC** | : | **CIVIL COMPLAINT** |
| **&** | : | |
| **EQUIFAX INFORMATION** | : | |
| **SERVICES LLC** | : | |
| **&** | : | |
| **EXPERIAN INFORMATION** | : | |
| **SOLUTIONS INC.** | : | |
| **&** | : | |
| **CAPITAL ONE BANK USA, N.A.** | : | |
| **&** | : | |
| **KOHL'S DEPARTMENT** | : | |
| **STORES, INC.** | : | |
| **&** | : | |
| **WEBBANK** | : | |
| **&** | : | |
| **BLUESTEM BRANDS,** | : | |
| **INC. d/b/a FINGERHUT** | : | |
| **&** | : | |
| **COMENITY BANK** | : | |
| **&** | : | |
| **ASCENA RETAIL GROUP,** | : | |
| **INC. d/b/a JUSTICE STORES** | : | |
| **&** | : | |
| **TWEEN BRANDS, INC.** | : | |
| **d/b/a JUSTICE STORES** | : | |
| **&** | : | |
| **VERIZON PENNSYLVANIA LLC** | : | **JURY TRIAL DEMANDED** |
| **Defendants** | : | |

_____:

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Taylor R. Bassi, by and through her undersigned counsel,

Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendants, and

respectfully avers as follows:

1

# I. INTRODUCTORY STATEMENT

1.      Plaintiff, Taylor R. Bassi, is an adult natural person and she brings this action for actual and statutory damages and other relief against Defendants for violations of the Fair Credit Reporting Act, the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA," 73 Pa. C.S. § 2270.1 et seq.), and the Pennsylvania Consumer Protection Law ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq., as well as for relief from Breach of Contract and Defamation of Character.

# II. JURISDICTION

2.      Jurisdiction of this Court arises under 15. U.S.C. § 1681p and 28 U.S.C. §1337.

3.      Venue in this district is proper in that the Plaintiff resides in this District.

# III. PARTIES

4.      Plaintiff, Taylor R. Bassi (hereinafter referred to as "Plaintiff") is an adult natural person residing at 4113 Apple Street, Philadelphia, Pennsylvania 19127.

5.      Defendant, Trans Union, LLC (hereafter, Defendant Trans Union), at all times hereto, is and was a limited liability company engaged in the business of nationwide consumer reporting with a principal office located at 1510 Chester Pike, Crum Lynne, Pennsylvania 19022.

6.      Defendant, Equifax Information Services, LLC (hereinafter referred to as "Defendant Equifax"), at all times relevant hereto, is and was a Limited Liability Company engaged in the business of nationwide consumer reporting with an address of 1550 Peachtree Street Northeast, Atlanta, Georgia 30309.

7.      Defendant, Experian Information Solutions, Inc. (hereinafter referred to as "Defendant Experian"), at all times relevant hereto, is and was a corporation engaged in the business of nationwide consumer reporting with an address of 955 American Lane, Schaumburg, Illinois 60173.

8.      Defendant, Capital One Bank USA, N.A. (hereinafter referred to as "Defendant Capital One"), at all times relevant hereto, is and was a company engaged in the business of consumer lending with an address of 1111 East Main Street, Richmond, Virginia 23219.

9.      Defendant, Kohl's Department Stores, Inc. (hereinafter referred to as "Defendant Kohl's"), at all times relevant hereto, is and was a corporation engaged in the business of retail sales with an address of 4650 West Spencer Street, Appleton, Wisconsin 54914.

10.     Defendant, WebBank (hereinafter referred to as "Defendant WebBank"), at all times relevant hereto, is and was a company engaged in the business of consumer lending with an address of 215 South State Street, Suite 1000, Salt Lake City, UT 84111.

11.     Defendant, Bluestem Brands, Inc. d/b/a Fingerhut (hereinafter referred to as "Defendant Fingerhut"), at all times relevant hereto, is and was a company engaged in the business of retail sales with an address of 6509 Flying Cloud Drive #200, Eden Prairie, Minnesota 55344.

12.     Defendant, Comenity Bank (hereinafter referred to as "Defendant Comenity"), at all times relevant hereto, is and was a company engaged in the business of consumer lending with an address of 1209 Orange Street, Wilmington, Delaware 19801.

13.     Defendant, Ascena Retail Group, Inc. d/b/a Justice Stores (hereinafter referred to as "Defendant Ascena"), at all times relevant hereto, is and was a corporation engaged in the business of retail sales with an address of 933 MacArthur Boulevard, Mahwah, New Jersey 07430.

14.     Defendant, Tween Brands, Inc. d/b/a Justice Stores (hereinafter referred to as "Defendant Tween"), at all times relevant hereto, is and was a corporation engaged in the business of retail sales with an address of 1300 East Ninth Street, Cleveland, Ohio 44114.

15.     Defendant, Verizon Pennsylvania LLC (hereinafter referred to as "Defendant Verizon"), at all times hereto, is and was a limited liability company engaged in the business of the sale of internet and communication services with an address of 1209 Orange Street, Wilmington, Delaware 19801.

## IV. FACTUAL ALLEGATIONS

16.     In or around the latter half of 2016, upon Plaintiff applying for credit, it was discovered by Plaintiff that Defendants Capital One, Kohl's, Webbank, Fingerhut, Comenity, Ascena, Tween, and Verizon were inaccurately furnishing credit data regarding several alleged accounts of Plaintiff on Plaintiff's credit reports as published by Defendants Trans Union, Experian, and Equifax.

17.     The information furnished by Defendants Capital One, Kohl's, Webbank, Fingerhut, Comenity, Ascena, Tween, and Verizon, and published by Defendants Trans Union, Experian, and Equifax is inaccurate in that none of these accounts being reported on Plaintiff's credit reports actually belong to the Plaintiff.

18.     The information furnished by Defendants Capital One, Kohl's, Webbank, Fingerhut, Comenity, Ascena, Tween, and Verizon, and published by Defendants Trans Union, Experian, and Equifax is inaccurate in that Plaintiff has never had any balance owed to Defendants Capital One, Kohl's, Webbank, Fingerhut, Comenity, Ascena, Tween, and Verizon, and has never had any account charged off by said Defendants.

19.     The information furnished by Defendants Capital One, Kohl's, Webbank, Fingerhut, Comenity, Ascena, Tween, and Verizon, and published by Defendants Trans Union, Experian, and Equifax is inaccurate in that these alleged accounts were opened when Plaintiff was a minor, under the age of eighteen (18) years.

20.     On or about November 1, 2016, Plaintiff disputed the accuracy of the trade lines of Defendants Capital One, Kohl's, Webbank, Fingerhut, Comenity, Ascena, Tween, and Verizon with Defendants Trans Union, Equifax, and Experian.

21.     In her disputes, Plaintiff advised Defendants Trans Union, Experian and Equifax that their credit reporting as to these alleged accounts was inaccurate.

22.     Defendants Trans Union, Experian, and Equifax each acknowledged receipt of Plaintiff's above referenced disputes.

23.     Upon information and belief, Defendants Trans Union, Experian, and Equifax each notified Defendants Capital One, Kohl's, Webbank, Fingerhut, Comenity, Ascena, Tween, and Verizon of Plaintiff's disputes as described herein.

24.     Defendants Trans Union, Experian, and Equifax each notified Plaintiff that these accounts had been "verified" and that the inaccuracies within the trade lines of Defendants Capital One, Kohl's, Webbank, Fingerhut, Comenity, Ascena, Tween, and Verizon would not be corrected.

25.     Each Defendant willfully and negligently failed to employ and follow reasonable procedures to investigate Plaintiff's dispute and correct and/or delete the information appearing on her credit reports.

26.     The credit information which Defendants Capital One, Kohl's, Webbank, Fingerhut, Comenity, Ascena, Tween, and Verizon have furnished and continue to furnish about Plaintiff is false, deceptive, misleading, and unconscionable.

27.     Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

28.     As a result of Defendant's continued inaccurate credit reporting, Plaintiff's credit score has dropped substantially, thereby causing the Plaintiff to be declined for credit by Defendant Capital One.

29.     As a result of Defendant's continued inaccurate credit reporting, Plaintiff's credit score has dropped substantially, thereby causing the Plaintiff to refrain from applying for additional credit.

30.     Aside from the inaccurate and misleading information reported pertaining to the alleged account of Defendants Capital One, Kohl's, Webbank, Fingerhut, Comenity, Ascena, Tween, and Verizon, Plaintiff has an excellent credit history.

31.     As of the date of the filing of this Complaint, Defendants Capital One, Kohl's, Webbank, Fingerhut, Comenity, Ascena, Tween, Verizon, Trans Union, Experian, and Equifax's reporting of the above-referenced trade lines continues to be inaccurate and materially misleading.

32.     The Defendants acted with actual malice in willfully continuing to report inaccurate and misleading information on Plaintiff's credit, knowing full well that other creditors were accessing the Plaintiff's credit report, all to the Plaintiff's detriment and loss.

33.     As a result of Defendants' conduct, Plaintiff has suffered actual damages and serious financial harm arising from monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including but not limited to, local or long telephone calls, postage, faxing and other related costs, all which will continue into the future to Plaintiff's great detriment and loss.

34.     As a result of Defendants' conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time into the future, all to Plaintiff's great detriment and loss.

35.     As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time into the future, all to Plaintiff's great detriment and loss.

36.     As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information and of multiple inquiries appearing on Plaintiff's credit file.

## COUNT I – FCRA
### *Plaintiff v. All Defendants*

37.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

38.     At all times pertinent hereto, Defendants Trans Union, Equifax, and Experian were "consumer reporting agencies" as those terms are defined by 15 U.S.C. §1681a (b) and (f).

39.     At all times pertinent hereto, Defendants Capital One, Kohl's, Webbank, Fingerhut, Comenity, Ascena, Tween, and Verizon were "furnishers" within the meaning and context of the Fair Credit Reporting Act.

40.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

41.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a (d).

42.     Pursuant to 15U.S.C. §1681n and 15 U.S.C. §1681o, Defendants Trans Union, Equifax, and Experian are liable to the Plaintiff for engaging in the following conduct:

(a)     Willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

(b)     Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b);

(c)     Willfully and negligently failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy;

(d)     Willfully and negligently continuing to furnish and disseminate inaccurate information and derogatory credit account and other information despite having knowledge of its inaccuracy and/or inability to be verified; and

(e)     Willfully and negligently failing to communicate that a disputed debt is disputed, in violation of 15 U.S.C. §1681e (8).

43.     Pursuant to 15U.S.C. §1681n and 15 U.S.C. §1681o, Defendants Capital One, Kohl's, Webbank, Fingerhut, Comenity, Ascena, Tween, and Verizon are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C §1681s-2(b).

44.     The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the

full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against said Defendants, for the following:

a.      Actual damages;

d.      Statutory damages pursuant to 15 U.S.C. §1681n;

c.      Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1681o; and

d.      Such addition and further relief as may be appropriate or that the interests of justice require.

### COUNT II - VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT- (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

*Plaintiff v. Capital One Bank USA, N.A., Kohl's Department Stores, Inc., Webbank, Bluestem Brands, Inc. d/b/a Fingerhut, Comenity Bank, Ascena Retail Group,  Inc. d/b/a Justice Stores, Tween Brands, Inc. d/b/a Justice Stores, Verizon Pennsylvania LLC*

45.      Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

46.      The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendants Capital One, Kohl's, Webbank, Fingerhut, Comenity, Ascena, Tween, and Verizon are debt collectors pursuant to 73 Pa. C.S. § 2270.3.

47.      The alleged debt Defendants were attempting to collect are debts as defined by 73 Pa. C.S. § 2270.3.

48.     The FCEUA proscribes, <u>inter alia</u>, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

49.     The actions of Defendants, as aforesaid, constitute false, misleading or deceptive representations.

50.     Violations of the FDCPA is a <u>per se</u> violation of the FCEUA and the UTPCPL.

51.     As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

52.     By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendants, and Order the following relief:

a.      Actual damages;

b.      Treble damages;

c.      An award of reasonable attorney's fees and expenses and costs of court; and

d.      Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III - VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

*Plaintiff v. Capital One Bank USA, N.A., Kohl's Department Stores, Inc., Webbank, Bluestem Brands, Inc. d/b/a Fingerhut, Comenity Bank, Ascena Retail Group,  Inc. d/b/a Justice Stores, Tween Brands, Inc. d/b/a Justice Stores, Verizon Pennsylvania LLC*

53.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

54.    Plaintiff and Defendants Capital One, Kohl's, Webbank, Fingerhut, Comenity, Ascena, Tween, and Verizon are "Persons" to 73 Pa. C.S § 201-2.

55.    The UTPCPL prescribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

56.    The actions of the Defendants, as aforesaid, constitute unfair acts or practices under the UTPCPL, by way of the following, inter alia:

a.    Defendants engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi); and

b.    Defendants failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

57.    As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

58.    By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendants, and Order the following relief:

a.    An Order declaring that Defendants violated the UTPCPL;

b.      Actual damages;

c.      Treble damages;

d.      An award of reasonable attorney's fees and expenses and cost of suit; and

e.      Such additional relief as is deemed just and proper, or that the interest of justice may require.

## COUNT IV– DEFAMATION OF CHARACTER
### *Plaintiff v. All Defendants*

59.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

60.     Defendants have published the inaccurate information through writing to various creditors, prospective credit grantors, individuals, entities, and other credit reporting agencies regarding Plaintiff's credit history.

61.     Defendants have published the inaccurate information each time a credit report on the Plaintiff has been requested from any creditor, prospective credit grantors, furnisher or other source.

62.     The inaccurate information published by Defendants is false in that it inaccurately reflects Plaintiff's credit information, and paints Plaintiff in a false financial light.

63.     Defendants have published the inaccurate information to at least every single creditor, furnisher or prospective creditor or other entity that has requested Plaintiff's credit report.

64.     The falsehoods within the trade lines of Defendants Capital One, Kohl's, Webbank, Fingerhut, Comenity, Ascena, Tween, and Verizon constitute falsehoods concerning Plaintiff's credit history.

65.     Defendants knew or reasonably should have known that the information regarding the trade lines of Defendants Capital One, Kohl's, Webbank, Fingerhut, Comenity, Ascena, Tween, and Verizon which they have published and re-published on Plaintiff's credit reports are incorrect and false as Plaintiff has notified them of such.

66.     Defendants continue to publish the false and negative information within the trade lines of Defendants Capital One, Kohl's, Webbank, Fingerhut, Comenity, Ascena, Tween, and Verizon on Plaintiff's credit history up through the present time.

67.     Defendants knew that the information within the trade lines of Defendants Capital One, Kohl's, Webbank, Fingerhut, Comenity, Ascena, Tween, and Verizon on Plaintiff's credit report were false and had no factual basis. Defendants nonetheless continued to publish and re-publish the inaccurate information.

68.     The publications of the information within the trade lines of Defendants Capital One, Kohl's, Webbank, Fingerhut, Comenity, Ascena, Tween, and Verizon on Plaintiff's credit report constitute libel per se.

69.     In addition, and despite the notices from Plaintiff, Defendants have acted with malice by failing to communicate the information provided to them by Plaintiff to all creditors, prospective creditors, furnishers of information and all other entities to whom said Defendants provide credit information concerning the Plaintiff.

70.     The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the Plaintiff that are outlined more fully above and, as a result, said Defendants are liable to compensate the Plaintiff for the full amount of actual damages, compensatory damages and punitive damages, as well as such other relief, permitted under the law.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against the aforementioned Defendants for the following:

a.       Actual damages;

b.       Statutory damages;

c.       Punitive damages;

d.       An order directing the Defendants immediately and permanently delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

e.       Such addition and further relief as may be appropriate or that the interests of justice require.

## V.       JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.


**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**


**Date: December 14, 2016**              **BY: _/s/Brent F. Vullings bfv8435_**
                                    Brent F. Vullings, Esquire
                                    Vullings Law Group, LLC
                                    3953 Ridge Pike
                                    Suite 102
                                    Collegeville, PA 19426
                                    P: 610-489-6060
                                    F: 610-489-1997
                                    Attorney for Plaintiffs
                                    bvullings@vullingslaw.com